LIMPUS *v.* THE STATE, on the Relation of HELM and Another.

In debt against a constable on his official bond for a false return of a *fieri facias*, the execution-defendant cannot be objected to as a witness for the plaintiff on the ground of his being interested.

*A.* executed a bond for the delivery of goods taken on an execution against *B.*, which goods were afterwards, on *A.'s* claim, adjudged to be his, and were therefore not delivered according to the condition of the bond. *Held*, that in a suit by *C.* against the officer for a false return of the execution, *A.'s* execution of the delivery-bond, (he having been discharged from it by said adjudication,) did not render him incompetent as a witness for either party.

If the goods on which an execution is levied be taken from the officer by a judgment in favour of the claimant, on a trial of the right of property, the judgment is conclusive, as to the right of that property, in a suit against the officer for a false return of the execution.

If a constable fail to levy an execution on goods which might have been levied on, the value of the goods with interest and ten *per cent.*, is, in a suit for such failure, the measure of the plaintiff's damages.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of debt, commenced before a justice of the peace, against a constable on his official bond. There are several breaches assigned, consisting of various false returns alleged to have been made by the defendant to certain writs of *fieri facias*. The justice gave judgment for the plaintiff, and the defendant appealed to the Circuit Court. Verdict in the Circuit Court for the plaintiff, and judgment accordingly.

On the trial, the plaintiff offered as a witness the execution-defendant, to prove that the returns to the executions were false. The witness was objected to as interested, but the objection was overruled.

The plaintiff also offered another witness, who was objected to as being interested. In support of the objection, it was proved that the witness had executed a bond conditioned for the delivery of property stated in one of the breaches to have been levied on ; that after the execution of such bond, the witness claimed the property, and it was adjudged to be his ; and that the property was not delivered. The objection was overruled.

The objections to the witnesses offered were properly overruled. The first witness offered—the execution-defendant—would be equally liable to the plaintiff, whether this

suit failed or not. *Bonafous* v. *Walker*, 2 T. R. 126. *Taylor* v. *The Commonwealth*, 3 Bibb, 356. He was not, therefore, interested in sustaining the action. The second witness was discharged from the delivery-bond by the determination, in his favour, of the trial of the right of property. His having executed the bond, therefore, could be no objection to his competency as a witness for either party.

In consequence of certain instructions given to the jury, and of the refusal of others, the following questions are presented for decision. First, If property levied on by the defendant was taken from him by a judgment in favour of the claimant, on a trial of the right of property, was such judgment conclusive, in the present suit, as to the right of that property? Secondly, What was the measure of the plaintiff's damages, for the defendant's failure to levy on certain property of the execution-defendant's, which might have been levied on?

The first of these questions must be decided in the affirmative. The statute is express, that the judgment in the case of such trial of the right of property is conclusive, whilst unreversed, as to any party who had had personal notice of the trial; and as the statute requires in such case, that the execution-plaintiff and the officer (the present parties) should have notice of the suit, it must be presumed that they had such notice. R. S. 1838, p. 492.

The second of these questions is as easily answered as the first. The statute enacts, that in case of a false return to a *fieri facias*, the constable and his sureties shall be liable on their bond for the full amount which the constable might have collected and paid over, with interest and ten *per cent.* damages. R. S. 1838, p. 148. The value of the property, therefore, which might have been levied on by the constable, together with interest and ten *per cent.*, was the measure of damages for the failure to make the levy.

This opinion on these two questions agrees with that of the Circuit Court, except that the Circuit Court limited the measure of damages, referred to in the second question, to the value of the property which might have been levied on—saying nothing as to the interest and ten *per cent.* damages. But that mistake of the Circuit Court did not injure the defendant.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*C. B. Smith*, for the plaintiff.

*S. W. Parker*, for the defendant.