PAGE & BACON, APPELLANTS, VS. BUTLER ET AL., RESPONDENTS.

1. If the claimant of property levied on, becomes a party to a bond for its delivery, he can only avail himself of his claim by complying with the condition of the bond, delivering

the property at the time and place required, and making his claim to it. If he suffers a forfeiture, he cannot by a future successful assertion of his claim, avoid the consequences.

2. The defendant in an execution is a competent witness, by the act concerning practice in courts of justice, for the plaintiffs in the execution, in a controversy between the latter, and the parties to a delivery bond, claiming the property levied on.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The appellants filed their motion in the circuit court for judgment on a forth-coming bond, made by the respondents to the sheriff on an execution out of the circuit court, in favor of Page & Bacon vs. Butler. On the hearing of the motion, appellants read the execution, sheriff's return and the bond; from which it appeared that execution was dated 15 May 1850, and on the 22d June succeeding, was levied on thirty casks of bacon; and on the same day the bond, with Butler as principal and Lackland and Kennett as securities, was given. The sheriff's return further shows, that on the 2d of November 1850, Kennett, Dix and Von Tagen claimed the property levied on as their property, and demanded a trial by jury on their claim. Notice, on the same day, was given to the plaintiff's attorneys, and, on the 13th of November 1850, a jury was summoned to try the right, and the jury found in favor of the claim. The plaintiffs refused to attend this trial. The sheriff then returned *nulla bona*.

The plaintiff proved the value of the 30 casks of bacon to be $1200. Such was the plaintiffs case on the motion.

No defence was made by or in behalf of Butler. Kennett and Lackland, who resisted the giving of judgment against them, then proved, that at the time of the supposed levy, the bacon was on a steamboat, about to depart for New Orleans; that Kennett, at the time, gave the sheriff notice that the bacon belonged to his house. He agreed, however, to give the forth-coming bond, rather than have the bacon removed from the boat—the sheriff giving it, as his opinion, that Kennett's rights would not be prejudiced thereby.

Kennett and Lackland further proved to the court, that at the time of the levy and giving the bond, the bacon did, in fact, belong to Kennett, Dix & Co., they having advanced $2000, and shipped it in their own name to New Orleans. They also read the proceedings and verdict of the sheriff's jury. The appellants objected to the evidence as irrelevant, incompetent &c. They also specially objected to the testimony of Butler, as incompetent, inasmuch as he was party to the bond and record. No other points of law were made by the appellants on the hearing. The court overruled the motion, to which the appellants excepted.

A motion for a rehearing was made, for the reasons, that the judgment was, 1st, against law; 2nd, against evidence; 3d, against the weight of evidence; 4th, that incompetent evidence was admitted.

The court overruled the motion and appellants excepted.

## KNOX & KELLOG, for appellants..

The plaintiffs contend that the bond was forfeited by the failure to deliver the property on the day appointed for delivery: Rev. Stat. 482; 1 Howard R. 347, Miner vs. Toneveshus.

That the bond, after forfeiture, was a *quasi* judgment, and that consequently the whole evidence of what took place, after the bond was forfeited, was inadmissible, and should have been excluded by the court: 1 Wash. 162; 3 Munf. 417, Lusk vs. Ramsy; 2 Munf. 153, Cook vs. Piles.

Such a bond is substituted for the original judgment, and suspends, and when forfeited, would be a satisfaction, unless such consequence be prevented by the provisions of the statute: 3 Munf. 454; 2 Munf. 153; Walker 175, 251, 267,

The securities in the bond are estopped from denying that the property, for which the bond was given, was the property of the said S. O. Butler: Dezell vs. Odell, 3 Hill 215; Smith vs. Cudworth, 24 Pick. 196; 15 Pick. 40, Burseley vs. Hamilton; 13 Pick. 139, Robinson vs. Marsfield; 12 Pick. 561, Jones vs. Church; 9 Mo. 156, Dickinson vs. Anderson & Thompson. All the parties to a deed are estopped from denying the recitals therein.

The plaintiffs further contend, that the only evidence, admissible on the part of the defendants, on the hearing of the motion, was evidence, proving, or tending to prove that the bond was originally void, in that they had complied with the conditions, or had satisfied the bond. That some of the evidence offered, tended to prove either of these facts, and should, therefore, have been excluded by this court: Rev. Code 482.

FIELD, for respondents.

I. Butler was a competent witness for his co-defendants; because, making no defence and consenting that judgment might be entered against himself, he had no interest in the proceedings against the others : 1 Greenl. Ev. § 355; Steele vs. Boyd, 6 Leigh's Rep. 547.

Besides, the objection to a witness on the score of interest, is expressly taken away by the hen Prac. Act, Art. XXV § 1.

II. No other point of law than the one above considered, properly arises on the record; for no other proposition of law was presented by the appellants, on the hearing in the court below.

III. The proceedings before the sheriff's jury were perfectly regular, and constituted a conclusive bar to the motion:·Rev Stat. 1845, Title, Execution, § 21 et seq.; and as to the effect of the finding of the jury on claim of property, upon the forth coming bond, see 7 Blackford's Rep. 43, exactly in point.

If it be objected, that plaintiffs had no legal notice of the trial, the answer is, that the sheriff in his return (which was part of the plaintiffs' evidence) says that notice was given. The notice must be taken to be regular.

Besides, it was not the claimant's business to give notice to the creditors. If the sheriff has, in fact, neglected his duty in this respect, he may be liable to the creditor, but the rights of the claimant cannot be affected by the default of the sheriff.

If it be objected that the formal claim. of property was made and the trial had after the forfeiture of the bond, it is answered, that the statute has affixed no such limitation to the claim; and·such limitation, by judicial construction, would be absurd; for by the statute, ten days notice of the trial must be given to the creditor, and in all cases, a forfeiture of the bond may be had in ten days from the levy.

IV. The proof of property in Kennett, Dix & Co., made before the circuit court, was a good defence to the motion.

In Miller vs. Ashton, 7 Black. Rep. 29, it was decided to be a good defence to the bond, that the goods were illegally seized. So, the same point was decided in Laughlin vs. Ferguson, 6 Dana's Rep. 111.

Also, to the same effect, is Long vs. U. S. Bank, Freeman's (Miss.) Rep. 375.

In Bursely vs. Hamilton, 15 Pick. 40, the same substantial result was arrived at, in another form, for it was there decided (the case being one at law) that the receiptor might show property in himself, to reduce the damages to a nominal sum.

The case of Dickson vs. Anderson 9 Mo. Rep. 156, turned upon the peculiar recital in the bond, which recital is not contained in the present bond.

It is understood, that the alteration in the form of the bond, has been adopted in the Sher-

iff's office, to avoid the great practial inconvenience arising ander the rule in the last mentioned case.

Scott, J., delivered the opinion of the court.

The respondents present themselves in an attitude which precludes the court from rendering them the relief which they seek. Here is property levied upon on the 22d day of May, and a bond given for its delivery on the 2d day of September following the day of sale; it is forfeited, and a jury, on the 13th of November, is summoned at the instance and on the claim of one of the sureties to try the right of property, and having found the property described in the bond, to belong to the claimant, that verdict is returned as an excuse for the forfeiture. We hold, that the claimant of property levied on by virtue of its delivery, can only avail himself of his claim by complying with the condition of the bond, delivering the property at the time and place required, and making his claim to it. If he suffers a forfeiture, he cannot, by a future successful assertion of his claim, avoid the consequences The bond is a statutory one, and can only be defeated by such defences as are allowed by law. The statute gives no such defences, and in an action at law for a breach of its condition, which is authorized, it is not pretended that such a defence could prevail. The form of procedure adopted to enforce the bond, cannot vary the defence. We do not see the force of the argument, that inasmuch as by the statute, *ten days* notice of the trial must be given to the creditor, and, as in all cases, a forfeiture of the bond may be had in *ten days from the levy*, a trial had after the forfeiture of the bond, should be as effectual, as a defence, as if it had taken place prior to that event. If a claim to the property is interposed on the day of trial, notice may be given on the same day to the creditor, and the trial had on the day of the delivery of the property, according to the terms of the bond. If the claim is made within ten days from the time of delivery, the condition of the bond may be complied with, and the sale postponed to a day that would enable the sheriff to give the creditor the requisite notice. If this should be refused, the claimant would not be without his remedy, as he may sue the sheriff, or the purchaser of the property at his sale. Persons who have claims to property, seized under execution, will find that a forth-coming bond is a hazardous instrument, on which it is dangerous to litigate their rights. They should never become parties to them. If a creditor sues out his execution, which is levied on property, and a party should become security for its delivery, after the bond is forfeited he should not then, for the first time, be heard, in making

his claim to the property. Such a course is an injury to the creditor. It arrests his execution for months, as in this case, by interposing a security on which he relies, and after all other property of the debtor may have been disposed of, or made way with, or is too late for another levy and sale, it takes away the means to which he looked for satisfaction of his debt; and that, too, by one who had bound himself that those means should be forth-coming for the payment of his demand. The determination of this case is based upon the principle, recognized in the courts of many of our sister States, that when goods, seized under execution, are delivered to a third person, on his giving a receipt, promising to re-deliver them on a given day, and the receiptor refuses to comply with his promise, claiming that the goods, at the time of the levy and receipt, were his own, he is estopped from setting up title in himself, in an action on his undertaking: Dezell vs. Odell, 3 Hill 215; Bursley vs. Hamilton, 15 Pick. 40.

The case of Lampres vs. State, 7 Black. 43, cited by the respondents, to show, that after a forfeiture, a trial of the right of property in which the right is found for the claimant, though a party to the forth-coming bond, will be a defence against any proceedings on it, is not in point. In that case, it may be gathered from the statement, that the trial of the right of property took place before a forfeiture, and in consequence of the finding there was no delivery. In the case of Long vs. United States, Freem. Miss. Reps., the surety, who was relieved, was not a party to the forth-coming bond. The case of Burseley vs. Hamilton, 15 Pick., cited to show that the finding of the jury, that the property is not in the debtor, might be given in evidence, in mitigation of damages, is not applicable. That was an action of assumpsit, to recover damages for the non delivery of the property by the receiptor. This is a proceeding under a bond with a penalty, and the law has fixed the rule by which the damages shall be estimated in case of a forfeiture.

Under the statute regulating proceedings in courts, Butler was a competent witness.

The other Judges concurring, the judgment is reversed and the cause remanded.