## BLEVEN v. FREER (SHERIFF) et al.

The owner of property attached or levied upon as the property of another, is not conclusively estopped from showing title in himself, because he has given an accountable receipt for its delivery to the officer, although the receipt admits that the property is attached or levied upon *as the property of the debtor,* if he makes known to the officer his claim at or before the time the receipt is given.   But if he fails to make his claim known, and thus influences the conduct of the officer, he is estopped from afterwards asserting it; *provided,* the facts and circumstances relating to his claim were then known to him.

The admission that the property is attached or levied upon as the property of the debtor, and the promise of the owner to deliver it to the officer, constitute *prima facie* evidence of ownership in the debtor; and, unless overcome by proof on the part of the claimant, must be decisive against him.

To overcome this *prima facie* ownership in the debtor, the receiptor must prove two things : first, that he claimed the property ; second, that it was in fact his own.

A judgment will stand though the wrong reason be given for it.

It is sufficient, to sustain the decision of the Court below, that there is one conclusive ground upon which it can rest.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action to recover damages alleged to have been sustained by reason of the wrongful seizure and sale of property by the defendant Freer, as sheriff, under an attachment, and subsequently an execution, in favor of the defendant Van Norden, and against George W. Buckley.

At the time the attachment was levied, the property was in the possession of the plaintiff, who executed a receipt to the sheriff for the delivery of the property, as follows :

" *Whereas,* Peter Freer, sheriff of Butte county, State of California, has attached, seized, and taken into his possession, at the suit of Robert Van Norden v. G. W. Buckley et al., in the Dis-

trict Court of the Ninth Judicial District, and county and State aforesaid, the following described property, the same being taken as the property of the said G. W. Buckley, at the time of the said seizure and attachment, and at the time of the delivery of said property by the said sheriff to the undersigned, viz. : one dark bay horse, branded on the near shoulder with the letter 'R;' also, one bay horse, branded 'T B B,' on the near thigh; also, one bay horse, with the letters 'W R,' branded on the near shoulder, turned upside down; also, one sorrel mare, branded with 'C R,' on the near shoulder; also, two sets of harness (draught;) also, one heavy draught wagon, with iron axle-tree. The said property is received by the undersigned from said sheriff, at the risk of the undersigned, and to be delivered on demand, or per order, to the said sheriff, in as good condition and care as at present; and in default thereof, to be responsible for the same. And further, I do hereby acknowledge that said property is in fine condition and trim.

"Given under my hand and seal, this twentieth day of May, A. D. 1854.

"Signed,             BENJ. B. BLEVEN."

Judgment was afterwards had by Van Norden against Buckley, execution issued, the property delivered by Bleven to the sheriff, and by the latter sold under the execution. Bleven then brought his action against the sheriff and Van Norden, claiming the property as his own, under a purchase from Buckley before the levy of the attachment. The case was tried before the Court, sitting as a jury. The defendants had judgment. Plaintiff moved for a new trial, which was denied by the Court, and plaintiff appealed.

*R. S. Mesick* for Appellant.

The facts and circumstances of this case are explained by the pleadings and the receipt, and show simply that the receiptor was willing to hold the property according to the terms of the receipt, rather than lose its possession and use, for the time being, until he could assert his rights in the premises. The receipt, then, is fully explained, and ought not to affect the real title of plaintiff. Nor can it operate as an estoppel beyond the time of its re-delivery to plaintiff, and the return of the property to the officer.

Such has been the conclusion of Courts in similar cases.

In the case of Boorsely *v.* Hamilton, 15 Pick., 40, involving this point, the Court says: " If the promise had been complied with, (the goods returned,) had the defendant delivered over the goods agreeably to his contract, he might then have brought his action of replevin, trespass, or trover, to try his right of property. He would no longer be estopped by his contract, and the implied

admissions contained in it, and upon proving title in himself, as he has proved it in the present action, he would have recovered the goods or their value." Citing Johns v. Church, 12 Pick., 562.

The case of Robinson v. Mansfield, 13 Pick. R., 139, is in point, and shows that " if goods attached on a suit against a person to whom they do not belong, are delivered to the owner, upon his written receipt and promise to re-deliver them to the officer, on demand, the owner may nevertheless maintain trespass against the officer for the taking, after the receipt is returned and the property re-delivered to the officer."

The case of Johns v. Church, 12 Pick. R., 557, is exactly in point, and there the language of the Court is as follows : " It is said that the plaintiff is estopped by the accountable receipt which he gave to the defendant, which has been delivered up, as having accomplished its object. We think not, and for the reason suggested, viz. : that the contract has been performed, and that the estoppel should not extend beyond the terms and duration of the contract, or accountable receipt. The plaintiff agreed to hold the property, as it was claimed by the defendant under his attachment, as the property of Sperry, until it should be delivered. If the defendant had demanded the property, and the plaintiff had set up, in defence, that it belonged to himself, and not to Sperry, he would not have been permitted to avail himself of such defence, contrary to his engagement to keep the goods, until the defendant should call for them as the property of Sperry. But the plaintiff has delivered the property to the defendant in full discharge and performance of his contract, and we think that the officer then held the property as when he originally attached it." 2 Shepley, 414 ; 8 Greenleaf, 122.

The case of Dezell v. Odell, in 3 Hill, 216, its facts being considered, is not hostile to our position, and even there the dissenting opinion of Judge Bronson seems the better one.

*Swezy & Field* for Respondents.

By the receipt given in this case, the plaintiff, B. B. Bleven, acknowledges the receipt of the property from the sheriff as the property of the said G. W. Buckley, and agrees to deliver the same to the sheriff, or in default thereof to be responsible for the same. This acknowledgment and undertaking on the part of Bleven was made with a full knowledge of the fact that the defendant, Freer, acting as sheriff, had taken the property upon an attachment against Buckley, as the property of Buckley. This knowledge can not be denied, as the same is set forth and recited in his receipt. Again, the complaint avers that this property was sold by the sheriff upon the execution in the suit wherein said property was seized and taken upon the attachment; and it was admitted on the trial that the property was delivered by Bleven to the sheriff upon that receipt, and the

receipt returned to Bleven before the commencement of this action. These facts make for the defendants a clear and full case of estoppel.

The plaintiff has not shown, nor does it anywhere appear in the record, that any claim was ever made to said property by Bleven until the commencement of this action. It nowhere appears that Bleven, at the time of the attaching of the property as Buckley's, (though he knew the same was so taken,) ever made known his claim, or informed the sheriff of his rights. Nor does it anywhere appear that when he returned the property, prior to and for the purpose of the sale, upon the execution, that he made known his claim to the same. The failure to make known his claim, if he had any, to the property, under the circumstances, operates in law to defeat his pursuing the same in this action. Such is the doctrine laid down in the case of Dezell v. Odell, 3 Hill N. Y. Rep., 215. There the party claiming the property had given a receipt to the constable, as in this case, but had not warned the officer of his claim to the property seized and receipted for. The above case is sustained by the case of Dewey v. Field et al., 4 Metcalf, 381.

The opinion in this case was rendered at the January Term, 1858; a re-argument was had, and at the present term the judgment was again affirmed.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

There were two main grounds of defence relied upon in the answer.

The first ground relied upon is, that the plaintiff, having receipted to the sheriff for the delivery of the property, is estopped from setting up title in himself.

The receipt is set out in full in the answer, and recites that, " *Whereas*, Peter Freer, sheriff of Butte county, has attached, seized, and taken into his possession, at the suit of Robert Van Norden v. G. W. Buckley, the following described property, the same being taken as the property of the said G. W. Buckley, at the time of said seizure and attachment, and at the time of the delivery of said property by the said sheriff to the undersigned," describing the property; and then goes on to state that " the said property is received by the undersigned, and to be delivered, on demand or per order, to the sheriff, in as good condition and care as at present, and in default to be responsible for the same."

In the case of Learned v. Bryant, (13 Mass. Rep., 223,) it was held, that the bailee of a sheriff might allege and prove that the property committed to him was, in truth, the property of a *stranger*, and not of him for whose debt it was attached. The same doctrine was held by the Supreme Court of Maine. (8 Green.,

122; 27 Maine Rep., 345.) In the case of Janes v. Church, (12 Pick., 557,) it was decided that the receiptor, after delivering the goods to the sheriff, could maintain replevin for them as his own property. In the case of Boorsley v. Hamilton, (15 Pick., 40,) it was held, that where an accountable receipt, given for goods attached, recited that they were attached by the officer as the property of the debtor, but the goods, in fact, belonged to the receiptor, he was estopped, in an action by the sheriff upon such receipt, from setting up title in himself. In the case of Lathrup v. Cook, (14 Maine Rep., 414,) it was determined that, when the receipt of the owner of goods attached contained no admission that they were the property of the debtor, the receiptor might show, in defence to an action against him on the receipt, that the property was his own. The receipt was as follows:

"*Lincoln:  ss.—May* 14, 1835.—Received of James Cook, deputy-sheriff, one yoke of oxen, to the value of fifty dollars, which I promise to deliver to said Cook, on demand, free of expense, the same being attached by him."

These cases establish the position, that ordinarily the receiptor of property attached may, under proper circumstances, show title in himself or in a stranger; and that his receipt is not alone conclusive as an estoppel against him. This rule would seem to agree with the general principle, that parol evidence may be received to contradict a receipt as to its mere recitals of fact. (1 Green. Ev., § 305.) But though this is the general rule, the receipt itself may be so framed as to constitute an estoppel, as in the case of Penobscot Boom Company v. Wilkins, (27 Maine, 345.) The receipt in that case contained this stipulation : "And we further agree, that this receipt shall be conclusive evidence against us as to our receipt of said property, its value beforementioned, and our liability, under all circumstances, to said officer for the full sum above mentioned." The Court held that the receiptors were estopped to deny that it was the property of the debtor.

In the case of Dewey v. Field, (4 Met., 381,) it was decided that the receiptor was estopped from setting up title in himself under these circumstances :

" 1. That the defendant, at the time when he executed the receipt, knew all the facts and circumstances relating to his own interest in the property attached.

" 2. That the defendant made no disclosures of such interest, nor any assertion of title to the property in himself.

" 3. That Brown, the debtor, was, at the time of the giving of the receipt, in possession of other property, of sufficient value to secure the debt; which property might and would have been attached by the officer, if the defendant had asserted his title to

the property described in the receipt, and had refused to give such receipt to the officer.

In their opinion, the Court say : " The present case goes much further, and connects the party now asserting title to the property directly with the attachment, and aiding in apparently rendering it effectual, and thus inducing the officer to rely upon it as adequate security ; concealing, in the meantime, all claim of property in himself in the articles thus attached and receipted for.  This, we think, he could not properly do, and especially when the other party has, by reason of such acts of the owner, been induced to forego making an attachment of other property belonging to the debtor, which would have furnished adequate security for the debt."

But the case of Dezell *v.* Odell, 3 Hill's Rep., 215, approaches nearest to the circumstances of this case.   A constable had levied an execution upon certain property, as the property of Alexander Dezell, and James Dezell gave the officer a receipt, in which he bound himself to deliver the property to the officer at a time and place specified.   The property was duly demanded at the time and place specified, but the receiptor refused to deliver it, claiming it as his own.   The Court held that he was estopped from setting up title in himself.   Mr. Justice Cowen, in delivering the opinion of the Court, said :

" It may be conceded, that had the defendant's claim been interposed at the time of the levy, and he had signed the receipt in terms, without prejudice to his right, the question would have been open.   The creditor would thus have been put upon his guard, and enabled to seek for other property, on finding that his debtor had no title to that in question.   Indeed, here was a course of action on the part of the receiptor, directly calculated to influence the conduct of the creditor in a way prejudicial to his interests, unless we hold the receiptor."

The rule fairly deducible from the authorities, as well as from the reason and justice of the case, would seem to be this : that the owner of property attached or levied upon as the property of another, is not conclusively estopped from showing title in himself because he has given an accountable receipt for its delivery to the officer, although the receipt admits that the property is attached, or levied upon, *as the property of the debtor,* if he makes known to the officer his claim at or before the time the receipt is given.   But if he fails to make his claim known, and thus influences the conduct of the officer, he is estopped from afterwards asserting it ; *provided,* that the facts and circumstances relating to his claim were then known to him.   And it would also seem clear that the admission that the property was attached or levied upon as the property of the debtor, and the promise of the owner to deliver it to the officer, must constitute *prima facie* evidence of ownership in the debtor ; and, unless

12

overcome by proof on the part of the claimant, must be decisive against him. To overcome this *prima facie* ownership in the debtor, the receiptor must prove two things : *first*, that he claimed the property ; *second*, that it was, in fact, his own.

In this case, the claim of the plaintiff was known to him at the time he executed the receipt ; and there is no proof that he then or before apprised the officer of his claim to the property. The recitals and promises contained in the receipt were *prima facie* evidence of admitted ownership in Buckley, and threw upon the plaintiff the onus of proving that he notified the officer of his claim, and that the attached property was, in fact, his own.

It is objected, by the learned counsel of plaintiff, that the Court below did not base its decision upon the ground of estoppel, but upon the ground of fraud, and, therefore, this Court can not consider this point. The ground was distinctly taken in the answer, and the Court found that the plaintiff receipted for the property to the sheriff; and it does not matter upon which ground the Court predicated its judgment, if that judgment be correct. The judgment will stand, though the wrong reason be given for it. But the ground upon which the judgment was predicated may be correct. It is not necessary to decide that question. There may or may not have been error in admitting certain depositions. It is sufficient, to sustain the decision, that there is one conclusive ground upon which it can rest.

Judgment affirmed.

[Field, J., having been counsel in the Court below, did not sit in the case.]