[No. 3,475.]

WILLIAM DRESBACH v. WILLIAM MINNIS, SHERIFF OF YOLO COUNTY, AND W. D. WRISTEN.

RECEIPT TO SHERIFF AN ESTOPPEL.—One who, with knowledge of all the facts and circumstances surrounding the transaction, gives to the Sheriff an accountable receipt for property levied upon as the property of another, is estopped from afterwards asserting ownership in himself, unless at or before the giving of the receipt he made known his claim to the officer.

APPEAL from the District Court of the Sixth Judicial District, County of Yolo.

In 1869, Henry and Robert. Dawson entered upon certain land belonging to D. W. C. Rice and others, under a written agreement to raise a crop of grain, taking two thirds of it for their labor and delivering one third to the owners of the land as rent. The plaintiff was agent for Rice, and claims that as soon as the grain was harvested he purchased it and employed the proprietor of a thrashing machine to thrash it. As it was thrashed he had it hauled from the open field to his warehouse. About the same time the defendant Wristen commenced an action against the Dawsons, and attached so much of the grain as was found sacked in the field—something over eighty-two tons—the whole crop being two hundred and twenty-four and three quarter tons. The thrashing was not interrupted; the grain attached was receipted for by the plaintiff and stored in his warehouse. When, soon after, the property was sold under an execution

in favor of defendant Wristen, the plaintiff purchased it. After the judgment in favor of the defendant had been satisfied, twenty-six tons of the grain levied upon were returned. This action was brought against the Sheriff William Minnis, and W. D. Wristen, to recover the value of the fifty-six tons sold. The case was tried by the Court with a jury, and the defendants had judgment. The plaintiff moved for a new trial, the motion was denied, and he appealed.

The other facts are stated in the opinion.

*Catlin & McFarland*, for Appellant.

*Armstrong & Hinkson*, for Respondents.

By the COURT:

In *Bleven* v. *Freer*, 10 Cal. 172, it was substantially held here that one who, with knowledge of all the facts and circumstances surrounding the transaction, gives to a Sheriff an accountable receipt for property levied upon as the property of another, is estopped from afterwards asserting ownership in himself, unless, at or before the giving of the receipt, he make known his claim to the officer.

This rule, applied to the facts of the case at bar, is conclusive against the claim of the appellant. The officer was permitted to levy upon the property in the first instance as being that of the Dawsons (the judgment debtors), without objection made by Dresbach; the latter afterwards received it in charge as keeper for the Sheriff, giving an accountable receipt therefor, without then disclosing his claim as owner, though the facts upon which that claim is asserted in this action were as well known to himself then as now; at the subsequent sale of the property, too, he was a bidder, and became its purchaser, purchasing it as the property of the Dawsons. These facts—to say nothing of the further fact that the plaintiff, while the property was under levy, gave

the officer written notice of the claim of Dr. Rice (for whom he appeared *as agent*), and even then set up no claim whatever for himself—must certainly be held to estop him in this action, if the conduct and admissions of a party *en pais* can be held as estoppel in any case.

In this view, the criticisms upon the instructions given or refused, as well as the other points relied upon for a reversal, become immaterial.

Judgment and order affirmed.