## KOENIGER v. CREED ET AL.

DELIVERY BOND.—*Levy Under Several Executions.*—*Parties.*—*Joint Action by Creditors on Bond.*—Where a delivery bond is executed to secure the release of personal property which has been seized on several executions, having the same priority, against the same execution debtor, and in favor of different execution creditors, the latter may, on a breach of its condition, maintain a joint action on the bond.

SAME.—*Defective Bond.*—*Cured by Statute.*—The fact that such bond is executed to the officer holding the writs, instead of to the creditors, does not invalidate the bond, as such defect is healed by section 790 of the practice act, 2 R. S. 1876, p. 311.

SAME.—*Defence.*—*Property in Third Person.*—*Estoppel.*—It is a good defence to such action, that the property levied upon was, at the time of the levy and the execution of the bond, the property of a third person, who has since taken possession of the same.

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

WORDEN, J.—Action by the appellees, against the appellant and one Charles Lippert, the latter of whom died pending the action.

It appears by the complaint, that the plaintiffs, Creed and Solomon, each recovered separate judgments, on the same day, before the mayor of the city of Anderson, against Lippert, and that executions were issued on the judgments, on the same day, and placed in the hands of the marshal, who levied the same upon certain property, as the property of Lippert, to satisfy the same. Lippert and Koeniger executed a delivery bond, conditioned for the delivery of the property to the marshal, at a time and place specified. The bond was made payable to the marshal, but was endorsed by him to the plaintiffs. The bond having become forfeited, this action was brought upon it.

The defendants demurred to the complaint for want of sufficient facts, but the demurrer was overruled, and exception taken.

It is objected, that there is no privity between the plaintiffs, and that they can not maintain a joint action upon the bond. We are of a different opinion. The judgments were rendered, and executions issued, on the same day, and were both levied on the property. One execution does not seem to have had any priority over the other; they both seem to have become liens at the same time, by virtue of being issued and levied at the same time. The plaintiffs in the several executions would, it seems to us, have been entitled to share the proceeds of the property levied upon, *pro rata.* The bond should have been executed to both plaintiffs, and they would have been entitled to sue jointly thereon. *Mandlove* v. *Lewis,* 9 Ind. 194.

The fact that the bond was made payable to the marshal, instead of the plaintiffs, is of no importance. The statute cures all such defects in bonds taken by any officer in the discharge of the duties of his office. 2 R. S.

1876, p. 311, sec. 790. We may add, that there was no misjoinder of causes of action—one of the assigned causes of demurrer.

No error was committed in overruling the demurrer to the complaint.

The defendants answered:

1. By general denial.

2. That Ferdinand Dietz and Albert Reissner were the owners of the property, and had replevied the same out of the hands of the marshal.

3. That Dietz and Reissner were the owners of the property at the time of the levy thereon and the execution of the bond, and that they had taken possession thereof; wherefore the defendants could not deliver the same in accordance with the bond.

Demurrers, for want of sufficient facts, were sustained to the second and third paragraphs of the answer, and the defendants excepted.

The issue joined was found for the plaintiffs, against Koeniger, and judgment rendered accordingly.

The questions presented by the record, beyond what have been already considered, relate to the rulings on the demurrers to the second and third paragraphs of the answer.

Taking both the second and third paragraphs as setting up title to the property in Dietz and Reissner, which we think they do, the question arises, whether this is a defence to the action on the bond. We think it is. If the property belonged to Dietz and Reissner, the plaintiffs had no right to levy upon it for a debt against Lippert, and there was no consideration for the bond. The plaintiffs lost nothing by the failure of the defendants to deliver the property; for, had it been delivered, they would have had no right to sell it upon their executions. Nor were the defendants estopped by the bond to allege that the property belonged to a third person. The defendants may have been estopped to controvert whatever was ad-

mitted in the bond, but it was not admitted or recited therein, that the property belonged to Lippert. In the case of *Limpus* v. *The State*, 7 Blackf. 43, it was held, that a party was discharged from a delivery bond, where the title to the property had been decided to be in a third person, in a proceeding for the trial of the right of property. This is utterly inconsistent with the idea, that the bond estops the parties thereto to set up title in a third person.

The fact, it seems to us, that the title to the property, in the case cited, was in another, was the important one, and the judgment in the proceeding to try the right of property was important only as furnishing conclusive evidence of the fact. The demurrer admits the fact as conclusively, for the purposes of this decision, as if it had been settled by a judgment.

In some cases, it has been questioned, whether parties to similar bonds can set up title to the property in *themselves*, in bar of actions on the bonds. It seems to us that there is a material difference between the two cases. A party who signs such a bond may be supposed to know, or have the means of knowing, whether he himself has any claim upon the property; and there is some reason for holding, that, by signing the bond, he is estopped to set up a claim to it himself. But he may not know, or have the means of knowing, what claims third persons may have on the property. Still, in the case of *Bursley* v. *Hamilton*, 15 Pick. 40, an obligor upon such bond was permitted to show title in himself, in bar of all but nominal damages. In *Dewey* v. *Field*, 4 Met. 381, it was held, that, where the party signing the receipt for the delivery of goods attached knew all the facts in relation to his own title to the goods, and gave no notice that he claimed them as his own, he was estopped to controvert the title of the defendant in the attachment. It may be mentioned that this case is authority also for the proposition, that, in an action against the officer for not levying an

execution upon property attached upon mesne process, it
is competent for him to show in defence that the prop-
erty belongs to a third person.

In *Dezell* v. *Odell*, 3 Hill, 215, it was held, that a re-
ceiptor for goods levied upon by an execution was es-
topped to set up title to the goods in himself at the time
of the levy and execution of the receipt. BRONSON, J.,
however, dissented from this opinion. In the case of
*Bleven* v. *Freer*, 10 Cal. 172, it was held, that the owner
of property attached or levied upon as the property of
another was not conclusively estopped from showing
title in himself because he has given an accountable re-
ceipt for its delivery to the officer, although the receipt
admits that the property is attached or levied upon *as the
property of the debtor*, if he makes known to the officer
his claim, at or before the time the receipt is given. But,
if he fails to make his claim known, and thus influences
the conduct of the officer, he is estopped from afterward
asserting it, *provided* the facts and circumstances re-
lating to his claim were then known to him. This case
was followed in *Dresbach* v. *Minnis*, 45 Cal. 223. In *Gaff*
v. *Harding*, 66 Ill. 61, Harding had a mortgage on cer-
tain goods from one Dodwell. Gaff, the sheriff, had an
execution against Dodwell, and levied upon the goods.
Dodwell desired Harding to become surety on a delivery
bond. Harding disclosed to the sheriff his mortgage and
right to the possession of the property, and told him he
would replevy the property, unless Dodwell paid up the
execution or settled before the time for the delivery of
the property. With this understanding, Harding signed
the delivery bond. It was held, that Harding, having de-
livered the property to the sheriff, might replevy it from
him.

No case has come under our observation in which it
has been held, that the obligors in such bond were es-
topped to show, in bar of an action upon it, that the title
to the property, at the time of the levy and execution of

the bond, was in a third person, and therefore not subject to the levy.

We are of opinion, that the court erred in sustaining the demurrers to the second and third paragraphs of the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.