## WELLS v. BALDWIN.

PLEADING.—*Action by Surety, against Sheriff, for Failing to Sell Property of Principal.—Attachment.*—Personal judgment having been rendered against

a principal and his surety, as such, and also a judgment for the sale of certain attached property of the principal, the surety, having replevied the judgment, afterward commenced an action against the sheriff in whose hands execution on such judgment had been placed, alleging that the sheriff had negligently and wrongfully allowed such property to be taken from him, whereby the plaintiff had been compelled to pay a much larger sum than he otherwise would.

*Held*, on demurrer, that an answer that the property had been replevied by another, and adjudged to be his, in an action of which the plaintiff had due notice, is sufficient.

*Held*, also, that an answer alleging that the property in controversy belonged to a third person, other than the principal, is sufficient.

From the Grant Circuit Court.

*R. W. Bailey* and *A. Diltz*, for appellant.

*A. Steele* and *R. T. St. John*, for appellee.

BIDDLE, J.—The material facts averred in the complaint in this case may be stated as follows:

That Charles W. Humphreys recovered judgment against John J. Wall, William L. Stout and Jacob M. Wells—the present appellant—in the Grant Circuit Court, for three hundred and twenty-one dollars and eleven cents; that Wall was the principal debtor, and Stout and Wells his sureties; that, concurrently with the proceedings to obtain the judgment, Humphreys caused a writ of attachment to be issued out of the same court, against the goods and chattels, lands and tenements of said Wall, the principal debtor, by virtue of which writ the appellee, who was the sheriff of the county, attached certain personal property as belonging to Wall; that Humphreys obtained a decree of the court to sell certain articles of said attached property, and apply the proceeds to the payment of said judgment; that Wall left the State, and Stout has no property subject to execution; whereupon Wells, to save his own property from execution, was compelled to and did cause the judgment to be replevied; that the appellee, being at the time the sheriff, allowed said attached property, negligently and wrongfully, to be taken from him; whereby the appellant was compelled

to pay one hundred and sixty-five dollars on said judg-
ment more than he otherwise "would have done."
Wherefore, etc.

Answer:

1.  A general denial;

2.  That, while the appellee held the property attached
by virtue of the writ of attachment, the same was re-
plevied, and taken from his possession, by William Miller,
and, on trial, was adjudged to be the property of said
Miller, of all of which said Humphreys and the appellant
had notice;

3.  That the property attached, before, at the time and
since it was attached, was not of the property of said
Wall, but was, during all said time, the property of one
William Miller, who was not made a party to said attach-
ment suit, etc.;

4.  That the attached property, at the time the writ of
attachment was levied, was not of the property of Wall,
but was of the property of Falkner, Scott & Abner, of
Richmond, Indiana, who were not made parties to the
attachment suit, and had no notice of the same, etc.

The several paragraphs of answer, above briefly stated,
are pleaded with all the formal and necessary averments.

The appellant demurred to the second, third and fourth
paragraphs, upon the ground that neither of them stated
facts sufficient to constitute a defence.

The court overruled the demurrers, and the appellant
reserved his exceptions.   Of these rulings he complains,
and has assigned them as errors in this court.   Judgment
for costs was rendered against him below.

We can perceive no error in this record.   If Miller re-
plevied the attached property and made good his title to
it by obtaining a subsequent judgment, with notice to the
appellant, as alleged in the second paragraph of answer,
the appellant can not complain of the sheriff for their
loss.   And it seems just as clear, that, if the property
attached did not belong to Wall, but to other persons, as

stated in the third and fourth paragraphs of answer, Wells has nothing to complain of against the sheriff. *Koeniger* v. *Creed*, 58 Ind. 554.

The judgment is affirmed, at the costs of the appellant.