[No. 15737. Department One.—May 24, 1895.]

T. WOOD ET AL., APPELLANTS, *v.* CHARLES D. BLANEY, RESPONDENT.

VENDOR AND PURCHASER—ACTION BY VENDOR AGAINST AGENT—FRAUD—
ESTOPPEL.—Where a broker or agent employed by the vendors of real estate in the sale of it falsely represented to the vendors that he had received a deposit on account of the sale, when he had in fact taken what proved to be a worthless note, and had full knowledge of the falsity of the statement, of which the vendors were ignorant, and the vendors, relying upon the statement as true, were induced thereby to approve of the contract of sale, the agent is bound to make good his statement, and is estopped from showing its falsity to the injury of the vendors, and the amount of the alleged deposit may be recovered from him as money received for the use of the vendors.

ID.—RESCISSION OF CONTRACT—SECOND SALE BY VENDORS.—The fact that the contract of sale was rescinded, and that the vendors had sold the same land to third parties, does not render the agent of the vendors who received the deposit of the purchase money an agent of the vendee, or liable to him for the return of the deposit, and does not constitute a defense to the recovery by the vendors from the agent of the deposit which he had professed to have received from the vendee; but the vendee is entitled only as against the vendors to recover back the deposit, less the damage which the vendors had sustained by reason of the breach of the contract, and not as against their agent; and it is immaterial to his liability to pay over the deposit to the vendors, whether or not the vendee is entitled to recover any thing from the vendors, or whether or not the vendors were gainers or losers by the transaction.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.

The facts are stated in the opinion.

*W. C. Kennedy*, for Appellants.

The defendant is estopped to deny the receipt of the five hundred dollars, and there is a conclusive presumption that he had it as the money and property of the plaintiffs. (Code Civ. Proc., sec. 1962, subds. 2, 3; *Lux* v. *Haggin*, 69 Cal. 266; *Montgomery* v. *Keppel*, 75 Cal. 129; 7 Am. St. Rep. 125; *Griffith* v. *Brown*, 76 Cal. 261; *McConnell* v. *Orient Ins. Co.*, 86 Cal. 260; *Bogart* v. *Crosby*, 80 Cal. 195; *Phelps* v. *Brown*, 95 Cal. 572; Civ. Code, sec. 2216; Wharton on Agency, sec. 375; Bigelow on Estoppel, 437; *Myers* v. *Byars*, 99 Ala. 484; 2 Hermann on Estoppel, secs. 293, 764, 778; *White* v. *Ashton*, 51 N. Y. 280; *White* v. *Walker*, 31 Ill. 422; *Faxton* v. *Faxon*, 28 Mich. 159; *Insurance Co.* v. *Mowry*, 96 U. S. 544; *McCabe* v. *Brown* (Texas Cr. App., Jan. 10, 1894), 25 S. W. Rep. 134; *Shoufe* v. *Griffiths*, 4 Wash. 161; 31 Am. St. Rep. 910.)

*Wilcox & Patton*, for Respondent.

The vendee was entitled to recover back the deposit, less any actual damage to the vendor occasioned by the breach of the contract. (*Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *White* v. *Buell*, 90 Cal. 178; *Newton* v. *Hull*, 90 Cal. 492; *Phelps* v. *Brown*, 95 Cal. 572; *Shively* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 259; *Easton* v. *Cressey*, 100 Cal. 75; *Merrill* v. *Merrill*, 102 Cal. 318.)

SEARLS, C.—This is an action to recover $500 alleged to have been received by defendant, as the broker and agent of plaintiffs, in the sale of certain real estate, and converted to his own use.

The cause was tried by the court, and written findings filed upon which judgment was entered in favor of the defendant.

Plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The testimony and findings show that plaintiffs were the owners of a forty-four acre tract of land lying near

San Jose in the county of Santa Clara, and, being desir-
ous of selling the same, commissioned and employed
the defendant, Blaney, who was doing business as a real
estate broker, under the name and style of Charles D.
Blaney & Co., to make such sale at the price of $16,000.

On the fifth day of February, 1891, Blaney found a
purchaser for said premises at the agreed price in one
Charles H. Sinclair, of San Francisco, and, as agent of
plaintiffs, Blaney entered into a written contract with
said Sinclair for the sale to him of said premises for the
price of $16,000, payable as follows: $500 down, the re-
ceipt whereof was acknowledged in the contract; $1,000 in
20 days; $4,500 in 60 days, and the balance upon mort-
gage payable at certain specified dates with interest, etc.

Blaney was to furnish an abstract of title to the prop-
erty within 10 days, and within 10 days thereafter
Sinclair was to accept the title as good or object to the
same as not good.

If the title was found good, Sinclair was to complete
the deferred payments as per the contract, or forfeit all
deposits; but should the title not be found good all de-
posits were to be returned to Sinclair and the contract
avoided.

The deposits of $500 and $1,000 were to remain in the
hands of Blaney & Co. until title was shown to be good,
etc.   The contract was signed by Charles D. Blaney &
Co. (who were described in the instrument as agents of
the owners) and by Sinclair.

A day or two after making the agreement Blaney pre-
sented it to the plaintiffs for their written approval, who
thereupon asked Blaney if he had taken the deposit
of $500 in coin, to which the latter responded that he
had, and thereupon plaintiffs indorsed upon such con-
tract their written approval of the same.

Blaney did not in fact receive $500 in coin from Sin-
clair as specified in the agreement and as represented
by him to the plaintiffs, but took from Sinclair his
promissory note for $500, payable to him, the said
Blaney, at 30 days from February 5, 1891.

The title was found good. Before the expiration of the 20 days fixed for the payment of the $1,000 an extension of the time of such payment for 15 days was mutually agreed upon between the plaintiffs and Sinclair. Sinclair made default in all the payments. Subsequent to such default he sought to make other and different terms with plaintiffs, but they having learned that his financial standing was bad, refused to make any other or further terms with him, and in April, 1891, he, the said Sinclair, went into voluntary insolvency, and the $500 note so given by him to Blaney became worthless. Plaintiffs, soon after the failure of Sinclair to consummate his agreement, sold the property in question to a third party for $16,000.

Neither plaintiffs nor Sinclair made any tender of performance of the contract; that is to say, Sinclair did not tender payment, and plaintiffs did not tender a deed or offer to do so, but said contract was abandoned by plaintiffs and Sinclair.

The $500 so acknowledged as having been paid is the identical sum of money averred to have been converted to his own use by defendant, and to recover which this action is brought.

Plaintiffs demanded from defendant said sum of $500 before suit brought, which he refused to pay.

The court found also that plaintiffs did not suffer any damage or injury by reason of the failure of Sinclair to complete his contract, or by reason of Blaney taking said note of Sinclair instead of coin, or by reason of said Blaney's asserting at the time of the approval by plaintiffs of said contract that he had received $500 in coin.

At the trial the court permitted the defendant, against the objection of plaintiffs, to contradict the written contract and his declaration to plaintiffs that he had received upon the agreement for a sale the sum of $500 cash, and to testify that he did not in fact receive any money from the purchaser, etc.

This ruling is assigned as error. Several errors are

also predicated upon the insufficiency of the evidence in support of various findings, as well as error of law in the decision of the court, contained in the conclusion of law, that the defendant was entitled to a judgment.

These alleged errors all proceed upon the theory that the defendant was estopped by the contract of sale, and by his declarations from denying that he had in fact received the sum of $500 on account of the said sale, and they may be considered together.

Subdivision 3 of section 1962 of the Code of Civil Procedure, among conclusive presumptions, declares that: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

Bigelow, in his work on Estoppel, fourth edition, at page 552, in discussing the elements essential to an estoppel *in pais*, by conduct, lays down the following rule: " 1. There must have been a false representation or a concealment of material facts; 2. The representation must have been made with knowledge, actual or virtual, of the facts; 3. The party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter; 4. It must have been made with the intention, actual or virtual, that the other party should act upon it; 5. The other party must have been induced to act upon it." (*Pickard* v. *Sears*, 6 Ad. & E. 469; *Stephens* v. *Baird*, 9 Cow. 274; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 480; 24 Am. Dec. 51; *Dezell* v. *Odell*, 3 Hill, 216; 38 Am. Dec. 628; *Dresbach* v. *Minnis*, 45 Cal. 223; *Bleven* v. *Freer*, 10 Cal. 172; *Martin* v. *Zellerbach*, 38 Cal. 300; 99 Am. Dec. 365; *Wright's Appeal*, 99 Pa. St. 425.)

The facts of this case bring it squarely within the rule as above enunciated.

Defendant Blaney virtually admitted, and the court found, that he falsely represented to plaintiffs that he

had received $500 as a deposit on account of the sale, when he had taken what proved to be a worthless note.

He had full knowledge of the falsity of the statement. Plaintiffs were ignorant of the facts, and, relying upon the statement as true, were induced thereby to approve the contract precisely as defendant intended they should do.

Under such circumstances defendant was, and is, in morals, law, and equity, bound to make good his statement, and estopped, independent of all considerations of agency, from showing its falsity to the injury of plaintiffs. The late case of *Myers* v. *Byars*, 99 Ala. 484, is in point.

Briefly stated, the facts were, in an action to recover $1,000 for money had and received, it appeared that one Landrum had sued a lottery company to recover a prize of $5,000, and plaintiff had intervened in the action, claiming as against Landrum a part of the prize.

Defendant, who was the attorney of Landrum, agreed that in case plaintiff would withdraw his intervention he would hold $1,000 of the prize money to be collected, subject to a contest between plaintiff and Landrum in the courts, and to be paid to plaintiff in the event of his recovery.

When plaintiff brought the action it was held that defendant was estopped to deny the fact that he had the money which had been paid over to him.

Like considerations apply here, and defendant should not have been permitted to deny his former statement that he had received and held the $500.

Respondent contends, however, that conceding all this, still the plaintiffs were not entitled to recover for the reason that the contract of sale was rescinded, and defendant, being required by the written contract to hold the money until the title was found good, became and was upon the abandonment of the contract the agent of Sinclair, the vendee, and liable to him therefor.

We think this contention cannot be sustained.

The evidence and findings alike show that defendant was employed by plaintiffs to sell the land. As their

agent he contracted for the sale and its terms, as is shown by the written agreement.  It was for them, and as their agent, that he professed to have received the $500, and to have acknowledged its receipt from Sinclair.

Concede that by the terms of the agreement he was to hold the deposit until the title was found good, or even until the payment of $4,500 fell due.

All of those things had transpired long before the written demand upon him in evidence made August 10, 1891, or the later demand of the plaintiffs admitted at the trial to have been made upon him November 2, 1891. Defendant owed no duty to Sinclair.  If the contract was abandoned and the latter was entitled to recover back his deposit, less the damage plaintiffs had sustained by reason of its breach, it was against the plaintiffs that he was entitled to recover, and not against their agent, the defendant.

Whether or not Sinclair was entitled to recover from the plaintiffs, and if yea, how much, or whether or not the plaintiffs were gainers or losers by the transaction, were questions that did not concern him.  (*Bogart* v. *Crosby*, 80 Cal. 195, and cases there cited.)

In *Phelps* v. *Brown*, 95 Cal. 572, the recovery was had upon the ground that the defendants were in fact the agents of the plaintiff, who was a vendee, and who had made default.

The judgment and order appealed from should be reversed and a new trial ordered.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.