**In re McINTYRE.**

(Supreme Court, Appellate Division, First Department.　December 31, 1897.)

NEGLIGENCE OF TRUSTEE—LIABILITY TO BENEFICIARY.

　　While a trustee, who negligently fails to take the appropriate steps to enforce the collection of rents or have a tenant in default removed, so as to relet the premises, is chargeable with the resulting loss, he is not thus chargeable if it appears that there was some ground for expecting the tenant in possession to pay something, that the not improbable result of removing him would have been to leave the premises vacant, and that the trustee acted in good faith, though with possibly mistaken judgment.

　　Appeal from surrogate's court.

　　In the matter of the judicial settlement of the account of Ewen McIntyre, trustee, under the last will of Thomas C. Chalmers. From a decree of the surrogate, the defendants appeal.　Affirmed.

　　Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

　　Howard Van Sinderen, for trustee.

　　Frank Walling, for respondent.

　　PATTERSON, J.　This is an appeal from a decree of the surrogate, rendered upon an accounting of a testamentary trustee.　By that decree, the account of the trustee is surcharged with two items; one of $450, rent of premises 58 Walker street, in the city of New York, for the months of October, November, and December, 1894. the trustee being charged with that amount for willful neglect in failing to collect the same, as rent for such premises for those months.　The other item is $3,540.90, uncollected rent of premises No. 25 West Seventeenth street, in the city of New York, being the difference between $2,600 (as stated in the referee's report) and an amount actually collected by the trustee from the 1st of January, 1890, to the 1st of July, 1894, inclusive.　The referee before whom the accounting was had specifically finds that the trustee acted in good faith in his dealings with the trust estate, but was careless and negligent in failing to collect the rents with which he was charged.　The duty of a trustee in the execution of his trust requires him to act with prudence and diligence as well as honesty; and, although he is left to his own discretion in the management and care of the trust estate, that discretion does not exclude the necessity of care and diligence. The provision of the will of the testator that the trustee should take possession of and control and manage the same at all times, and in such manner as they shall deem best for the uses and purposes in the will mentioned, and with all the powers and discretion in those respects which the testator had and possessed, does not absolve the trustee from the duty of exercising proper care in the management of that estate; and the only question raised by this appeal is whether the referee was justified in making his finding, referred to, of carelessness and negligence in failing to collect the rents with which the trustee has been charged.

　　The only evidence relating to the noncollection of the rents by the trustee comes from himself, and he frankly stated the condition of

48 N.Y.S.—50

the properties, and the situation of the tenants, during the periods for which no rent was received by him. Concerning the Walker street store, we think the referee was justified in surcharging the trustee's account. All that was done to collect the rents in arrear for the months mentioned by the referee was to make demands upon the tenants. The trustee did not bring suit against them, nor did he evict them. They remained there until the property went into the hands of a receiver. The receiver did collect from them rents accruing for some months subsequently to its taking possession, and, when the same tenants ceased to pay, the receiver had them ejected, since which time, it is true, the receiver has not been able to find new tenants. The question is one of fact as to whether this administration of the property was careless or not. If it were a mistake of judgment on the part of the trustee, such as any prudent man might make, he should not be charged upon the ground of alleged remissness. But it is in evidence that he did not do what ought to have been done in the exercise of proper care and diligence. It is not shown that the amounts of rents in arrear could not have been collected by suit, nor is there anything to indicate that the premises could not have been rented to a responsible party after the tenants first defaulted. All there is to indicate anything of that character is the insufficient statement that from 10 to 15 per cent. of property in the vicinity of the Walker street store was without tenants. That fact could not excuse a trustee from making the effort to find tenants, or, at all events, to sue for the rent; and, as the receiver collected rents from the same tenants for a period subsequent to that for which the trustee is charged, it is fair to assume that the trustee might have done so had he been as diligent as the receiver, or had he resorted to the coercion of the law to compel such payments. The referee has not charged the trustee with the full amount of the rent of this store property, but has made an allowance of which the respondents here do not complain, and to which no further reference is required.

Concerning the Seventeenth street premises, the trustee's own account was sufficient to support the finding of the referee against him. These premises were leased to a Mrs. Mullaney for a term of years beginning in 1890, at the annual rental of $2,600. The trustee was asked:

"Q. There was no reason why she should not pay you the full amount of $2,600 a year, was there? A. No. Q. Then you ought to have received the whole $2,600 a year while she was there? A. Yes, sir. Q. In view of what you have testified this morning, do you wish to explain that testimony? A. I do not see that I could change it any. There was no reason why she should not pay it, except that she did not pay it. I ought to have received it."

The trustee testified that Mrs. Mullaney became a tenant of the premises on the 1st of January, 1890, and retained them up to the time of her death, in June, 1894. When she died, the property was left in the possession of her son, who retained it until about October, when a Mrs. Jaspar, as the witness said, turned up. The property was occupied during the summer of 1894, and the witness got what he could out of it. He had made repairs of various kinds

from 1890, and took what money he could get. What he meant by the expression, "I ought to have received the whole $2,600 a year," was that the tenant ought to have paid him that amount. Mrs. Mullaney first fell into arrears in April, 1890, and she kept on making small payments from time to time; and during all this period no attempt was made by the trustee at all to regain possession of the premises, so that he might rent them to a responsible tenant; nor was any excuse given for not doing so, except that, as trustee under the will of Dr. Chalmers, he could only lease for short terms, which tenants were unwilling to take; but that is a mere general statement, which, upon examination, it is found, refers only to the amount of rent to be obtained for short terms. The witness says that was Mrs. Jaspar's reason for not paying more rent. The only efforts made to collect rent from Mrs. Mullaney was by visiting and making calls and demands. There is nothing to show any effort made on the part of the trustee to get possession of these premises in Seventeenth street, and re-rent them, for the benefit of the trust estate. The trustee evidently allowed the matter to drift along, getting what driblets he could from the lessee, and making no effort to secure a paying tenant. The referee was therefore right in charging the trustee for his neglect with reference to that property. In the absence of any other evidence of any kind of the real value of the use and occupation of the premises, agreed rent is considered a very strong evidence of value. More v. Deyoe, 22 Hun, at page 222.

The decree of the surrogate must be affirmed, with costs.

INGRAHAM, J.　We concur with Mr. Justice PATTERSON as to the liability of the trustee for the rents uncollected on the premises No. 25 West Seventeenth street, in the city of New York; but, upon the whole case, we do not think that the referee was justified in charging the trustee with the uncollected rent of the premises No. 58 Walker street, in said city. During the time that this rent which was not collected accrued, there seems to have been but little demand for property in Walker street. A considerable portion of the property in the neighborhood was vacant, and the tenants in possession of the property had, prior to the time that the rent fell into arrears, paid their rent promptly. The tenants kept a restaurant upon the leased premises; and whether or not, under the circumstances, it was to the advantage of the estate to dispossess the tenants, and leave the property on the hands of the trustee, with the possibility that the incidental expenses necessary would be imposed upon the estate for its protection and preservation, or to allow the tenant to remain in possession, with the hope of being able to collect something from them, was a question for the trustee to determine. From the testimony, we cannot say that this determination was even an error of judgment, much less such negligence as would justify the court, upon the settlement of his accounts, in charging him with the amount of rent uncollected, because he had not dispossessed these tenants, or had obtained a judgment against them, and sold their property upon execution. From the evidence, we should be inclined to think

that the result would have been that the property would be vacant, and the trustee would thus be compelled to have incurred the expense of caring for it. It is true that, after a receiver of the property was appointed, he managed to collect rent from these tenants; but this amount was comparatively small, and, upon his dispossessing the tenants, he was unable to rent the property, and it remained vacant. When two courses were open to the trustee, and he had to determine which one to be followed was for the best interest of the estate, a mere error of judgment is not sufficient to impose upon him any liability; and from the testimony it certainly does not appear that, if he had decided to adopt a course other than that which he did adopt, the estate would have been in any substantial manner benefited. As stated by Mr. Justice PATTERSON, the provision as to the Seventeenth street accounts was different. He allowed the tenant of that house to remain in possession for upward of a year without paying any rent, until the tenants died, and then left the possession of the property with her son, who retained it until October, without paying any rent. If he had dispossessed him, he would have had no difficulty in getting another tenant.

We think, therefore, that the decree of the surrogate should be modified by striking out the charge against the trustee of the amount of the rent of the premises in Walker street, and, as so modified, affirmed; the costs of the trustee to be paid out of the estate.

VAN BRUNT, P. J., and WILLIAMS and O'BRIEN, JJ., concur.