In the Matter of the Judicial Settlement of the Account of MARTIN E. HALPIN as Trustee under the Last Will and Testament of GEORGE P. SMITH, Deceased.

Surrogate's Court, Bronx County, April 11, 1924.

**Trusts — testamentary trust — account of trustee surcharged with uncollected rent — solvency of tenant presumed — cost of repairs on trust property should not be deducted from uncollected rent — trustee having filed claim in bankruptcy against tenant will be entitled to receive amount paid thereon — trustee not entitled to credit interest or penalty paid on taxes — claim of trustee for services by himself as attorney reduced — trustee entitled to commissions — trustee not entitled to costs.**

The account of a testamentary trustee should be surcharged with uncollected rent on trust property where it appears that on several occasions his attention was called to the fact that efforts should be made to collect the rent; that the persons interested, who were all adults, wished to have the rent paid; and that his only excuse for failure to make collection was that there was a mortgage on the premises and he feared that if he brought action for the rent the persons interested might be subjected to a loss.

Solvency, not insolvency, is presumed, and the trustee to relieve himself from the responsibility for his inaction would have had to establish that the efforts to collect the rent through proper legal proceedings would have been fruitless.

Expenses incurred by the tenant for repairs to trust property should not be deducted from the uncollected rent.

The trustee, on behalf of the estate, having filed a claim in bankruptcy proceedings against the tenant for a part of the uncollected rent will be entitled to receive the amount paid thereon.

The trustee is not entitled to an allowance of the interest or penalty paid on taxes by reason of his failure to pay them at the proper time.

The trustee's claim for services alleged to have been rendered by him as attorney to himself as trustee should be reduced from $1,800 to $500.

Although the trustee failed to use good judgment he did not act with fraudulent intent and should not be denied his commissions. His actions, however, having resulted in a controversy which has put the estate to the expense of a contested accounting no costs will be allowed to him.

PROCEEDINGS for judicial settlement of accounts of trustee.

*Martin E. Halpin,* for the accountant.

*Louis F. Stumpf (Charles J. Belfer,* of counsel), for the objectants.

SCHULZ, S.   This is a proceeding for the judicial settlement of the accounts of the trustee under the last will and testament of the decedent.

The latter at the time of his death owned an undivided one-half interest in certain premises in the borough of Brooklyn of which one Thomas J. Laughlin owned the other half. Smith & Laughlin, a corporation, in which the deceased owned eighty-eight shares, was engaged in the foundry business and rented the said premises from the decedent and the other owner under a lease at a rental of $4,200 per annum payable in installments of $350 each month.

By his will the decedent devised his interest in such real property to the accountant in trust to pay the income to his wife until its sale and when sold to pay to her the value of her dower interest and divide the remainder among his two half brothers. The contestant seeks to surcharge the trustee with the sum of $2,532.74 claimed by him to be one-half of a balance of rent which accrued during the term of the trust and which the trustee failed to collect. The trustee concedes that the amount of rent uncollected is $2,517.86.

It appears that the attorney for some of the interested parties on several occasions drew the attention of the trustee to the fact that efforts should be made to collect rents due from the corporation from time to time, and in a prior intermediate accounting filed by the trustee, objections were interposed, one of which was directed to his failure to collect certain rents which had accrued up to that time, with the result that a decree was made surcharging him with the sum of $1,550.10 by reason thereof. He, therefore, had ample notice of the fact that his failure to enforce payment of the rent as it accrued was meeting with criticism and objection on the part of those interested and yet he failed to take steps to protect himself and those who were the beneficiaries of the trust which he was administering.

The trustee is an attorney of many years experience and must have known the risk he ran in failing to attempt to enforce the payment of such rent. He excuses his failure to do so by stating that there was an open mortgage on the premises, that he feared that if he brought an action for the rent or summary proceedings for the possession of the real estate, the corporation might be compelled to vacate the premises and that the bank holding the mortgage at that time might, in such event, foreclose, and the persons interested be subjected to loss. There is no certainty, however, that these dire results would have followed. The corporation was actually doing a large business, and while it is contended that no profits resulted, it was meeting its current bills and carrying a balance in the bank. His excuse, therefore, is based simply on conjecture and speculation and does not absolve him from his plain duty in the premises, particularly when he was

advised that the persons interested who were all adults and would be the losers if a foreclosure resulted, wished the rents paid.

Solvency, not insolvency, is presumed, and to relieve himself from the responsibility for his inaction, he would have had to establish that efforts to collect the rents through proper legal proceedings, would have been fruitless. *O'Conner* v. *Gifford*, 117 N. Y. 275; *Harrington* v. *Keteltas*, 92 id. 40; *Matter of Hosford*, 27 App. Div. 427, 434. This has not been shown. The property was ultimately sold and the corporation has gone into bankruptcy. It seems clear to me that, under these circumstances, justice requires that he should be surcharged with the balance of rent due.

The trustee claims that an allowance of $1,210.68 should be made to the corporation for expenses incurred by it for repairs to the premises and contends that this amount should be deducted from the balance of rent due. There seems to be no justification for such contention. The tenant occupied the whole premises. The lease is in writing and does not charge the landlords with the duty of making repairs and such duty was not upon them as a matter of law. 2 McAdam Landl. & Ten. (4th ed.) § 383, p. 1308 and cases cited; Gerard Titles to Real Estate (5th ed.), 181; *Gould* v. *Springer*, 206 N. Y. 641, 646, 647; *Witty* v. *Matthews*, 52 id. 512, 514.

For these reasons I reach the conclusion that such deduction should not be allowed and the trustee will, therefore, be surcharged with the sum of $2,517.86 together with interest on the various amounts totaling said balance from the dates when they respectively became due.

It further appeared that at least a part of the repairs mentioned were made before the former accounting of the trustee but were not mentioned in the same and it was contended that he was thereby estopped from including the cost thereof in the present account, on the theory that the decree on the prior accounting was *res adjudicata* as to all matters that might have been determined in it. An objection was taken by the contestant to the reception of evidence of such repairs upon which I reserved my decision. In view of the conclusion which I have reached upon such evidence, it is unnecessary to pass upon the question whether the prior proceeding had the effect claimed and I overrule the objection made.

As it appears that the trustee has on behalf of the estate filed a claim for a part of such rent with the referee in bankruptcy, he will be entitled to receive the amount paid thereon upon his complying with all of the provisions of the decree to be entered herein.

The second objection is to the allowance of the interest or penalty

paid on taxes by reason of the trustee's failure to pay them at the proper time. The amount it was agreed is $59.09. The evidence warrants the objection and the credit claimed in this amount will be disallowed.

The third objection is directed to the credit claimed by the trustee in the sum of $1,800 for services alleged to have been rendered by him as attorney to himself as trustee. I think a fair and reasonable compensation for such services is the sum of $500, and he will, therefore, be disallowed the difference between that amount and the sum of $1,800 aforesaid.

The fourth objection is to an item of $300. As it appeared, however, that this item was included in the executor's account, it was consented that it be disallowed in this proceeding, and it is disallowed accordingly.

The contestant also urges that in view of the manner in which this estate has been administered, no commissions should be allowed to the trustee.

While there is no doubt that legal proceedings were made necessary which might have been avoided at least to some extent by greater promptness on the part of the trustee, I am not prepared to say that he acted with any fraudulent intent. He found himself in a position which he considered a difficult one and in my opinion did not use good judgment. As a result, he has now been surcharged and will be required to pay a considerable amount. I do not think that his conduct has been such as to warrant depriving him of his commissions. His actions, however, have resulted in a controversy which has put this estate to the expense of a contested accounting, for which reason no costs will be allowed to him.

Costs will be awarded to the contestant to be paid out of the estate. Settle decision and decree on notice accordingly.

Decreed accordingly.